IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| ROBERT NAGORA | : | BANKRUPTCY NO.: 5-05-bk-51536 |
| SERAFINA NAGORA a/k/a | : | |
| SERAFINA RIZZI-NAGORA, | : | |
|     DEBTORS | : | |
| | : | |
| ROBERT NAGORA | : | {**Nature of Proceeding**: Countrywide |
| SERAFINA NAGORA a/k/a | : | Home Loan, Inc.'s Motion to Vacate |
| SERAFINA RIZZI-NAGORA, | : | Default Judgment Entered July 11, 2007} |
|     PLAINTIFFS/RESPONDENTS | : | |
| | : | |
| vs. | : | |
| | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS, INC., and | : | |
| COUNTRYWIDE HOME LOANS, | : | |
| INC., | : | |
|     DEFENDANT/MOVANT | : | |
|     and | : | |
| CHARLES J. DeHART, III, | : | |
|     TRUSTEE | : | **ADVERSARY NO.: 5-07-ap-50038** |

# OPINION

Countrywide Home Loans, Inc. has filed a Motion to Vacate Default Judgment under Federal Rule of Bankruptcy Procedure 7055. After hearing on same, the matter is before the Court.

On March 2, 2007, the Debtors, Robert and Serafina Nagora, sued Countrywide for damages including attorney's fees. Thereafter, an Amended Complaint was filed and, pursuant to a reissued summons, served on the Defendant by mailing to "Countrywide

7105 Corporate Dr. PTX B-35 Plano, TX 75024." With no answer forthcoming, the Debtors moved for default judgment, which was granted on July 11, 2007. Five days later, the Motion, currently before the Court, was filed. Countrywide's sole reason in asking that judgment be vacated was contained in paragraph 11, as follows: "Movant did not act willfully in failing to timely answer the complaint, but due to inadvertence and the fact that Movant's counsel was only retained to file an answer to Plaintiffs' complaint on July 16, 2007 [the day the motion was filed]."

Notwithstanding this bare allegation, at the time of hearing on this matter, local counsel quite astutely pointed out that original service of this complaint was not sent to the attention of an "officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . ." Federal Rule of Bankruptcy Procedure 7004(b)(3). Countrywide argued that this defect was jurisdictional and could not be waived. Countrywide further suggested that if service was bad then default judgment, too, was defective and should be vacated.

Subject matter jurisdiction can be raised at any time and cannot be waived. 2 *Moore's Federal Practice,* § 12.30[1] at 12-33 (Matthew Bender 3d ed. 2007). Nevertheless, it is not subject matter jurisdiction that is being raised by Countrywide. Rather, it is *in personam* or personal jurisdiction which stands as the basis for Coutrywide's argument. It alleges improper service. It may well be correct. *Schwab v. Associates Commercial Corp. (In re C.V.H. Transport, Inc.)*, 254 B.R. 331, 332 (Bankr.M.D.Pa.2000). Nevertheless, Federal Rules of Civil Procedure 12(h)(1), made

applicable to bankruptcy adversaries by Federal Rule of Bankruptcy Procedure 7012(b), mandates that "a defense of lack of jurisdiction over the person . . . , or insufficiency of service of process is waived . . ." if not raised in a Rule 12(b) motion. *McCurdy v. American Bd. of Plastic Surgery* 157 F.3d 191, 194 (C.A.3 (Pa.),1998).

The pending Motion to vacate default judgment has been considered the equivalent of a Rule 12(b)motion for this purpose. *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1399 (7th Cir.1993).

I conclude that Countrywide has waived its objection to personal jurisdiction by failing to include that allegation in its Motion to vacate judgment.

Having disposed of that argument, I must address the more substantive argument as to whether judgment should be vacated for cause in accordance with Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024. Our Circuit has cited to three factors when deciding to open a default judgment, as follows, "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.* 756 F.2d 14, *19 (C.A.3 (Pa.),1985).

Analyzing these factors requires that I examine the pleadings as well as the audio record of the proceeding, which I have done. It appears that the Debtors have not raised any prejudice that would occur if I were to open the default judgment. Nonetheless, Countrywide has not alleged a meritorious defense to the underlying Motion, but has

argued that the dollar amount awarded to the Debtors is not supported by the pleadings.

Lastly, default judgment was clearly the result of Countrywide's indifference to the legal process. This conclusion is gleaned from the pending Motion, which euphemistically refers to Countrywide's attitude as "inadvertence" and notes its failure to retain counsel until the very day the Motion was filed.

Overall, I find that default judgment should not be opened, but the parties deserve an opportunity to litigate the extent of damages since the quantification of damages was not well-articulated at the time of default. Indeed, at argument, Debtors' counsel implicitly conceded that damages, perhaps, should be litigated. I will reopen the damage portion of the hearing.

An Order will follow.

Date: February 29, 2008

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*