IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| ROBERT NAGORA | : | BANKRUPTCY NO.: 5-05-bk-51536 |
| SERAFINA NAGORA a/k/a | : | |
| SERAFINA RIZZI-NAGORA, | : | |
|     DEBTORS | : | |
| ROBERT NAGORA | : | |
| SERAFINA NAGORA a/k/a | : | |
| SERAFINA RIZZI-NAGORA, | : | |
|     PLAINTIFFS/RESPONDENTS | : | |
| vs. | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS, INC., and | : | |
| COUNTRYWIDE HOME LOANS, INC., | : | |
|     DEFENDANT/MOVANT | : | |
|     and | : | |
| CHARLES J. DeHART, III, | : | |
|     TRUSTEE | : | **ADVERSARY NO.: 5-07-ap-50038** |

# OPINION

Default judgment has been entered against the above-named Defendant and trial has been held on damages. Testifying for the Plaintiff was Serafina Nagora, the female Debtor and her counsel, Paul Kramer.

Objection has been made to several of the Plaintiffs' exhibits. Those objectionable items are best described as correspondence from Debtors' counsel to Defendant's counsel. None of those items were objected to when they were referred to during testimony by counsel. All were properly identified as authored by the witness. Nevertheless, Exhibits "H" through "O" were offered to prove the amount of liability in

contravention of Federal Rule of Evidence 408, and, therefore, the Objection to the Motion to Admit must be sustained. The remaining exhibits are admitted.

The evidence proffered described the sum of $4000 that was transferred to the Defendant and not credited to the Debtors' mortgage with that institution. While the Defendant's brief argues that this fund was returned, no such evidence was offered at the time of the hearing. The Debtors further presented evidence in the form of exhibits that four post-petition payments of $1139.70 (totaling $4558.80) were delivered to the Defendant which failed to credit the loan.

The Debtors further argue that a $2500 attorney fee should be assessed on top of those sums and that the total of $11,058.80 should be tripled under the provisions of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1 AND that costs and attorney fees be awarded on top of that sum.

**Uncredited Transfers**

The evidence of uncredited transfers to the Defendant was not rebutted except for the argument found in the post-trial brief. I find the evidence to be sufficiently credible to grant the Plaintiffs judgment for these amounts.

**"Damages" for the Defendant's Failure to File an Amended Proof of Claim**

The Plaintiffs allege that they have been damaged because the Defendant failed to file an amended proof of claim resulting in the Chapter 13 Trustee paying unsecured creditors instead of the Defendant.

I find the damages in this regard are too speculative. The Plan, as confirmed, governs the relationship of the parties, and I will not presume that the contractual

relationship between them would be altered by the accuracy of the claim. As to the duty alleged to have been borne by the Defendant to file an amended proof of claim, I see nothing in the executed Stipulation (Plaintiffs' Exhibit B) requiring the filing of such amended claim.

**Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL)**

There was very little pled or put on the record regarding violations and/or damages under UTPCPL. Typically, the statute addresses deceptive conduct that, at a minimum, creates a likelihood of confusion and misunderstanding. It must be more than a mere breach of contract. See *In re Partners Group Financial, LLC,* — B.R. —, 2008 WL 4208135, at *10-11 (Bkrtcy. E.D. Pa. Sept. 15, 2008). A violation is essential should the Plaintiffs succeed in obtaining an award of treble damages under UTPCPL and is critical in regard to the determination of whether attorney fees should be awarded.

Simply stated, the Plaintiffs failed to establish that the Defendant did anything more than breach a stipulation and fail to account for delivered funds. There was absolutely no evidence that would support a claim for deceptive conduct and resulting damages. This is true despite the fact that the Plaintiffs had virtually unhampered freedom to create a record with minimum opposition. For this reason, I decline to award damages under the UTPCPL. Accordingly, the request for treble damages under this statute must, too, fail.

**Attorney's Fees**

The Plaintiffs seek to be reimbursed for the attorney's fees incurred by reason of this litigation. Generally speaking, attorney fees are borne by the individual litigants.

"Under this 'American Rule,' we follow 'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.'" Citation omitted. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). While the UTPCPL authorizes the award of attorney's fees by virtue of 73 P.S. § 201-9.2, such award is discretionary with the court. Being unable to conclude that a violation of this statute took place, I decline the invitation to award attorney's fees.

In conclusion, I will enter judgment in favor of the Plaintiffs and against the Defendant in the amount $8,558.80.

An Order will follow.

Date: October 14, 2008

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*